UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CESARINA MORA,
and other similarly situated individuals,

    Plaintiff(s),

v.

AIC BUREAU OF INVESTIGATIONS
& PROTECTIVE SERVICES, INC.,
a Florida for profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CESARINA MORA, ("Plaintiff"), and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant, AIC BUREAU OF INVESTIGATIONS & PROTECTIVE SERVICES, INC, ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff was at all times relevant to this action, and continues to be, residents of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employer for purposes of the FLSA.

3. Defendant, AIC BUREAU OF INVESTIGATIONS & PROTECTIVE SERVICES, INC., a Florida for profit Corporation, has its principal place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment was due in Miami-Dade County, Florida.

5. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff, Cesarina Mora, is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

8. Plaintiff performed work for Defendant as a non-exempt employee from on or about July 2015 to on or about June 2019.

9. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendant were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

10. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

11. Specifically, Plaintiff worked an average of five (5) or more hours of overtime each week for Defendant.

12. In addition, throughout Plaintiff's employment with Defendant, Plaintiff was not paid at the proper minimum wage rate for many hours worked for Defendants.

13. Specifically, Plaintiff was paid any hour in excess of forty hours (40) in cash at her straight time rate of pay.

14. Plaintiff complained to the Defendant about not being paid properly for overtime worked and was subsequently fired.

15. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violations*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from Defendants unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-

specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

19. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

21. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

22. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

23. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made

by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

25. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation under the FLSA*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

27. At all relevant times aforementioned, including at the time of Plaintiff's termination and other adverse employment actions, Defendant was aware of Plaintiff's rights as an employee, under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

28. At the time of termination and other adverse employment actions, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

29. Defendant's termination and other adverse employment actions of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to improper overtime compensation.

30. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

31. Any allegedly justified reason for Plaintiff's termination asserted by Defendant is a mere pretext for the actual reason for termination—Plaintiff's objections to the aforementioned illegal activity.

32. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

33. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

- A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.
- B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or

to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

E. Award any other compensation allowed by law including punitive damages and attorney's fees pursuant to Fla. Stat. § 448.102.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 3|19|2020

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005