**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-21205-CIV-ALTONAGA/Goodman**

CESARINA MORA,

      Plaintiff,

v.

AIC BUREAU OF INVESTIGATIONS
& PROTECTIVE SERVICES, INC.;
And MARIA ALONSO, Individually;
And JUAN F. ALONSO, Individually,

      Defendants.

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiff, Cesarina Mora (hereinafter "Mora"), by and through the undersigned counsel,

hereby sues Defendants, AIC Bureau of Investigations & Protective Services, Inc. and Maria

Alonso, Individually and Juan F. Alonso, Individually (hereinafter "Defendants"), for overtime

wage violations under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA"), to

redress injury done to him by the Defendants, and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000), exclusive of
   attorney's fees, interest and costs; and therefore, this action is within the jurisdiction of this
   Court.

2. Plaintiff is a former employee of Defendants, she was and continues to be, a resident of
   Miami-Dade County, Florida; and was an employee of Defendants, performing the duties of
   a non-exempt security guard personnel for the Defendants, within a company operated
   business facility affecting interstate commerce, located in South, Florida.

3. Defendant entity, AIC Bureau of Investigations & Protective Services, Inc. is a for-profit corporation, duly authorized to conduct business in the State of Florida.

4. At all times material to the allegations in the complaint, Defendant entity, AIC Bureau of Investigations & Protective Services, Inc. is a company which provides security guard services and patrols for businesses in and around South Florida.

5. At all times material to the allegations in the complaint, Individual Defendants, Maria Alonso, Individually and Juan F. Alonso, Individually interviewed and hired Plaintiff and other security guard employees of Defendant entity, AIC Bureau of Investigations & Protective Services, Inc..

6. At all times material to the allegations in the complaint, Individual Defendants, Maria Alonso, Individually and Juan F. Alonso, Individually made hiring and firing decisions.

7. At all times material to the allegations in the complaint, Individual Defendants, Maria Alonso, Individually and Juan F. Alonso, Individually determined Plaintiff's amount of payment, whether Plaintiff received raises, and her work schedules.

8. At all times material to the allegations in the complaint, Individual Defendants, Maria Alonso, Individually and Juan F. Alonso, Individually set Defendant entity AIC Bureau of Investigations & Protective Services, Inc.'s employment policies and negotiated its contracts with its customers.

9. At all times material to the allegations in the complaint, Defendant AIC Bureau of Investigations & Protective Services, Inc. advertised their services online via various world wide web pages.

10. At all times material to the allegations in the complaint, Defendant AIC Bureau of Investigations & Protective Services, Inc. had gross sales of $500,000 during the years 2018 and 2019.

11. Venue is proper in Miami-Dade County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Eleventh Judicial Circuit, In and for Miami-Dade County, Florida.

12. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

13. On certain occasions, Defendants supplied Plaintiff and other security guard employees with materials for use on the job obtained from Wal-Mart or another local supply store.

14. At all times material to the allegations in the complaint, the Fair Labor Standards Act (FLSA) applied to Defendants while Plaintiff was their employee.

15. At all times material to the allegations in the complaint, Defendants do not have accurate time records for Plaintiff.

16. Defendants kept inaccurate or inadequate records, as it relates to Plaintiff.

17. At all times material to the allegations in the complaint, Plaintiff's duties and responsibilities confirm, no FLSA exemptions apply to Plaintiff.

18. At all times material to the allegations in the complaint, handled tools, supplies, or equipment that originated out of state.

19. At all times material to the allegations in the complaint, Individual Defendant, Maria Alonso controlled significant functions of Defendant AIC Bureau of Investigations & Protective Services, Inc.

20. At all times material to the allegations in the complaint, Individual Defendant, Juan F. Alonso controlled significant functions of Defendant AIC Bureau of Investigations & Protective Services, Inc.

21. At all times material to the allegations in the complaint, Individual Defendant, Maria Alonso would have been in control of the decisions violating the FLSA.

22. At all times material to the allegations in the complaint, Individual Defendant, Juan F. Alonso would have been in control of the decisions violating the FLSA.

23. At all times material to the allegations in the complaint, Defendants did nothing to determine whether they were required by law to pay their security guards time and a half for overtime hours worked.

### FACTUAL ALLEGATIONS

24. Plaintiff worked for Defendants from on or about July 2015 through on or about June 2019 (approximately 208 weeks).

25. Defendants failed to properly pay Plaintiff for any and all work performed over 40 hours per week. Specifically, Defendant only paid Plaintiff a straight-time amount for any hour she worked throughout her employment with Defendants. Additionally, Defendant retaliated against Plaintiff for her complaints about not being paid properly.

26. _Unpaid Overtime:_ Throughout employment, Plaintiff regularly worked over forty (40) hours each week. Plaintiff worked approximately 5 hours of overtime work per week tasks, which was not compensated at the proper overtime wage rate of one-and-one-half times the regular rate of pay.

27. In 2015, 2016, 2017, and 2018, Plaintiff's regular rate of pay was $9.00. As such, her half-time overtime rate of pay is $4.50 per hour ($9.00 x 0.5). Plaintiff worked an average of five

(5) overtime hours per week for Defendant for which she was only paid a regular rate of $9.00. As such, Plaintiff is owed $22.50 per week of unpaid overtime premium for the years 2015, 2016, 2017, and 2018.

28. In 2019, Plaintiff's regular rate of pay was $9.25. As such, half-time overtime rate of pay is $4.63 per hour ($9.25 x 0.5). Plaintiff worked an average of five (5) overtime hours per week for Defendants for which she was only paid a regular rate of $9.00. As such, Plaintiff is owed $23.15 per week of unpaid overtime premium for the year 2019.

29. Throughout Plaintiff's employment, Plaintiff's work had been exemplary and proven herself an exceptional and professional employee.

30. Plaintiff was terminated on or about June, 2019 due to her request for her due and owing wages.

31. Plaintiff while employed with Defendants was a victim of blatant, willful and unlawful retaliation based upon her request for due and owing wages. Furthermore, Plaintiff was retaliated due to her exercise of her legal rights.

32. Plaintiff was a security guard worker employed at all times material to the allegations in the complaint, in an establishment that was/is engaged in commerce or in the production of goods for commerce, such as a warehouse and/or factory.

33. Plaintiff at all times material to the allegations in the complaint, was engaged in watching or guarding movable facilities of interstate commerce, such as trucks.

34. Plaintiff at all times material to the allegations in the complaint, was engaged in watching or guarding a fixed facility of interstate commerce, such as a warehouse or distribution depot

devoted to the receipt and shipment of goods in interstate commerce, as such, Plaintiff is

covered under the FLSA on an individual basis.

35. Plaintiff at all times material to the allegations in the complaint, watched trucks and/or

freight cars prior to the unloading of out-of-state goods, her work is individually covered

under the FLSA on an individual basis.

36.  Plaintiff at all times material to the allegations in the complaint, engaged in watching or

guarding buildings, premises, equipment, materials, or other goods that were being used in

the production of goods for interstate commerce and subject to the FLSA as being engaged in

the production of goods for interstate commerce.

37. Defendants employees regularly handled, or otherwise worked on goods and/or materials that

had been moved or produced for commerce, and that defendant was an enterprise engaged in

commerce . . . as defined by the FLSA.

38. The Defendant entity was an employer engaged in interstate commerce and operated as an

organization that sells or markets its goods and services to customers throughout the United

States and also provides its services for goods sold and transported from across state lines,

and accepts funds from non-Florida sources, and uses telephonic transmissions going over

state lines to do business.

39. *Retaliation:* Plaintiff was terminated in retaliation for participating in protected activity under

the FLSA.  As such Plaintiff is claiming back pay at her last regular rate of pay of $9.25 per

hour.  Plaintiff regularly worked forty (40) hours a week.  Therefore, Plaintiff is claiming

$370.00 per week ($9.25 x 40 hours) for every week since her employment with Defendant

ended in June 2019.  As of the date of this filing, Plaintiff is owed $14,430.00 in back wages

($370.00 per week x 39 weeks since June 2019).  Additionally, Plaintiff is claiming

compensatory damages for anxiety, stress, and other mental and emotional damages that have

occurred as a result of the retaliation, in an amount not yet calculated.  Finally, Plaintiff is

claiming front pay in an amount of $290.00 per week for each week that Plaintiff reasonably

would have been employed with Defendants after June 2019, going forward until retirement.

**COUNT I.**
**RECOVERY OF OVERTIME COMPENSATION AGAINST**
**AIC BUREAU OF INVESTIGATIONS & PROTECTIVE SERVICES, INC.**

40. The foregoing facts are incorporated herein.

This is an action to recover money damages for unpaid overtime wages under the laws of the

United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §

201-219 (Section 216 for jurisdictional placement) ("the Act").  Defendant AIC BUREAU OF

INVESTIGATIONS & PROTECTIVE SERVICES, INC. agreed to pay Plaintiff wages for work

performed by Plaintiff while in Defendant's employ.

41. Plaintiff performed work for Defendant AIC Bureau of Investigations & Protective Services,
    Inc. sufficient to entitle Plaintiff to payment of her wages.

42. Defendant AIC Bureau of Investigations & Protective Services, Inc. wrongfully refused to
    pay Plaintiff her earned wages notwithstanding Plaintiff's performance of her job duties and
    responsibilities.

43. As a direct result of Defendant's wrongful refusal to pay Plaintiff her earned wages that are
    due and owing, Plaintiff has sustained damages.

44. As a direct result of Defendant's wrongful refusal to pay Plaintiff her earned wages that are
    due and owing, Plaintiff was forced to retain the undersigned attorney.  Plaintiff has agreed
    to compensate undersigned counsel a reasonable attorney's fee to represent her in the matter

which is recoverable from Defendant AIC Bureau of Investigations & Protective Services, Inc. AIC Bureau of Investigations & Protective Services, Inc. pursuant to Florida Statute §448.08. This court has jurisdiction of this claim pursuant to Florida Statute §448.08 and 29 U.S.C. §216 (b) of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA").

45. Upon information believed, Defendant AIC Bureau of Investigations & Protective Services, Inc., at all times material hereto, employed individuals who regularly were and are engaging in commerce.

46. Defendant AIC Bureau of Investigations & Protective Services, Inc., upon information and belief during the relevant time period, had annual gross volume of business done in an amount not less than $500,000.00. By reason of the foregoing, Defendant was and is an enterprise engaged in commerce as defined by §203 (r) and (s) of the FLSA.

47. Plaintiff is individually covered under the FLSA.

48. In the course of her employment with Defendant AIC Bureau of Investigations & Protective Services, Inc., Plaintiff's work week usually exceeded forty (40) hours per week.

49. During those workweeks when he worked in excess of forty (40) hours per week, Plaintiff was not paid time and one half (1.5) her regular rate of pay for all hours worked in excess of forty (40) per work week.

50. Defendant AIC Bureau of Investigations & Protective Services, Inc. employed Plaintiff in the aforesaid enterprise for workweeks longer than forty (40) hours and willfully failed to compensate him for hours worked in excess of forty (40) hours per week at a rate of at least one and one-half (1.5) the regular rate at which he/she was employed in violation of the requirements of §207 of the FLSA.

51. Plaintiff has engaged the services of undersigned counsel and has agreed to pay undersigned counsel a reasonable attorney's fee and reimbursement costs advanced to prosecute this claim.

52. Plaintiff is entitled to be paid time and one half (1.5) of her regular rate of pay for each hour worked in excess of forty (40) per work week.

53. As a direct and proximate result of Defendant AIC Bureau of Investigations & Protective Services, Inc.'s deliberate and willful failure to pay overtime wages in accordance with the FLSA, Plaintiff has sustained damages, including loss of wages and unpaid overtime compensation and has had to incur costs and reasonable attorneys' fees.

54. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

55. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week.  All similarly situated employees of Defendant AIC Bureau of Investigations & Protective Services, Inc. is similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

56. Defendant AIC Bureau of Investigations & Protective Services, Inc. knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week.

57. By reason of the said intentional, willful and unlawful acts of Defendant AIC Bureau of Investigations & Protective Services, Inc., all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

58. As a result of Defendant AIC Bureau of Investigations & Protective Services, Inc.'s willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

59. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

60. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant AIC Bureau of Investigations & Protective Services, Inc. awarding unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees pursuant to 29 U.S.C. §216 and Florida Statute §448.08.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

WHEREFORE, Plaintiff, and those similarly situated to him who have or will opt into this action, demands judgment, jointly and severally, against Defendant for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## <u>COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST MARIA ALONSO, INDIVIDUALLY</u>

61. The foregoing facts are incorporated herein.

62. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No

employer shall employ any of her employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

63. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

64. At all times pertinent to this Complaint, the AIC Bureau of Investigations & Protective Services, Inc. Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states.

65. At all times pertinent to this Complaint, the AIC Bureau of Investigations & Protective Services, Inc. Employer/Defendant obtains and solicits funds from non-Florida sources.

66.     At all times pertinent to this Complaint, AIC Bureau of Investigations & Protective Services, Inc. accepts funds from non-Florida sources.

67.     At all times pertinent to this Complaint, AIC Bureau of Investigations & Protective Services, Inc. uses telephonic transmissions going over state lines to do its business.

68.     At all times pertinent to this Complaint, AIC Bureau of Investigations & Protective Services, Inc. transmits funds outside the State of Florida.

69.     At all times pertinent to this Complaint, AIC Bureau of Investigations & Protective Services, Inc. otherwise regularly engages in interstate commerce, particularly with respect to its employees.

70. Upon information and belief, the annual gross revenue of AIC Bureau of Investigations & Protective Services, Inc. the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

71. At all times pertinent to this Complaint, Plaintiff was individually covered under the FLSA.

72. By reason of the foregoing, AIC Bureau of Investigations & Protective Services, Inc. the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant.

73. Defendant Maria Alonso's business activities involve those to which the Fair Labor Standards Act applies.

74. While employed by Defendant Maria Alonso, Plaintiff worked in excess of forty hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.

75. At all times material hereto, Maria Alonso Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Maria Alonso the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Maria Alonso Defendant who are and who were subject to the unlawful payroll practices and procedures

of Defendant entity and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

76. Maria Alonso Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Maria Alonso Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Maria Alonso Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

77. At the times mentioned, Defendant Maria Alonso was, and is now, the Director and/or owner of Defendant Corporation.  Defendant Maria Alonso was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant entity/employer in relation to the employees of Defendant entity/employer, including Plaintiff and others similarly situated.  Defendant Maria Alonso had operational control of the business, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

78. Defendant Maria Alonso willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

79. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant Maria Alonso on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury for all claims asserted herein.

## COUNT III: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST JUAN F. ALONSO, INDIVIDUALLY

80. The foregoing facts are incorporated herein.

81. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of her employees… for a work week longer than 40 hours unless such employee receives compensation for her employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

82. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

83. At all times pertinent to this Complaint, the AIC Bureau of Investigations & Protective Services, Inc. Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states.

84. At all times pertinent to this Complaint, the AIC Bureau of Investigations & Protective Services, Inc. Employer/Defendant obtains and solicits funds from non-Florida sources.

85. At all times pertinent to this Complaint, AIC Bureau of Investigations & Protective Services, Inc. accepts funds from non-Florida sources.

86. At all times pertinent to this Complaint, AIC Bureau of Investigations & Protective Services, Inc. uses telephonic transmissions going over state lines to do its business.

87. At all times pertinent to this Complaint, AIC Bureau of Investigations & Protective Services, Inc. transmits funds outside the State of Florida.

88. At all times pertinent to this Complaint, AIC Bureau of Investigations & Protective Services, Inc. otherwise regularly engages in interstate commerce, particularly with respect to its employees.

89. Upon information and belief, the annual gross revenue of AIC Bureau of Investigations & Protective Services, Inc. the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

90. At all times pertinent to this Complaint, Plaintiff was individually covered under the FLSA.

91. By reason of the foregoing, AIC Bureau of Investigations & Protective Services, Inc. the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant.

92. Defendant Juan F. Alonso's business activities involve those to which the Fair Labor Standards Act applies.

93. While employed by Defendant Juan F. Alonso, Plaintiff worked in excess of forty hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.

94. At all times material hereto, Juan F. Alonso Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Juan F. Alonso the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Juan F. Alonso Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant entity and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

95. Juan F. Alonso Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards

Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Juan F. Alonso Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Juan F. Alonso Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

96. At the times mentioned, Defendant Juan F. Alonso was, and is now, the Director and/or owner of Defendant Corporation. Defendant Juan F. Alonso was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant entity/employer in relation to the employees of Defendant entity/employer, including Plaintiff and others similarly situated. Defendant Juan F. Alonso had operational control of the business, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.

97. Defendant Juan F. Alonso willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

98. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

WHEREFORE, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendant Juan F. Alonso on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C.

§ 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury for all claims asserted herein.

## COUNT IV AIC BUREAU OF INVESTIGATIONS & PROTECTIVE SERVICES, INC.'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFF PURSUANT TO 29 U.S.C. 215(A)(3).

99. The foregoing facts are incorporated herein.

100.     This action arises under the laws of the United States.

101.     Defendants fired Plaintiff on or about June, 2019.  Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

102.     Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

103.     On or about June 2019 Plaintiff complained about due and owing wages and overtime wages to the Defendant and in that same month the Defendant fired Plaintiff.

104.    The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff would not have been fired but for her complaint for overtime wages.

105.    The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court:

A.  Enter judgment against the Defendant ENTITY, for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B.  Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

Plaintiff demands a trial by jury as to each count of this complaint

## COUNT V MARIA ALONSO'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFF PURSUANT TO 29 U.S.C. 215(A)(3).

106.    The foregoing facts are incorporated herein.

107.    This action arises under the laws of the United States.

108.    Defendants fired Plaintiff on or about June, 2019.  Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

109.    Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff

these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

110.    On or about June 2019 Plaintiff complained about due and owing wages and overtime wages to the Defendant and in that same month the Defendant fired Plaintiff.

111.    The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff would not have been fired but for her complaint for overtime wages.

112.    The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court:

C.    Enter judgment against the Defendant Maria Alonso, for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

D.    Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

Plaintiff demands a trial by jury as to each count of this complaint

### COUNT VI JUAN F. ALONSO'S FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINTIFF PURSUANT TO 29 U.S.C. 215(A)(3).

113.    The foregoing facts are incorporated herein.

114.    This action arises under the laws of the United States.

115.     Defendants fired Plaintiff on or about June, 2019.  Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

116.     Defendant willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of each Plaintiff's employment with Defendants as set forth above.

117.     On or about June 2019 Plaintiff complained about due and owing wages and overtime wages to the Defendant and in that same month the Defendant fired Plaintiff.

118.     The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendant.  In other words, Plaintiff would not have been fired but for her complaint for overtime wages.

119.     The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests that this Honorable Court:

E.  Enter judgment against the Defendant Juan F. Alonso, for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

F.  Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

Plaintiff demands a trial by jury as to each count of this complaint

Dated: 6/5/2020

Respectfully Submitted,
**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone (305)416-5000
Facsimile (305)416-5005

*Anthony M. Georges-Pierre*

_____
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2020, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system.  I HEREBY FURTHER CERTIFY that a copy of the foregoing along with the Notice of Electronic Filing generated by CM/ECF were also served via CM/ECF system on this 5th day of June, 2020 on all counsel or parties of record on the attached service list.

*S/ Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre

## SERVICE LIST

Allyn Roque, Esq.
 Law Office of Allyn Roque, P.A.
Attorney for AIC Bureau of Investigations & Protective Services, Inc.
 P.O. Box 961088
Miami, Florida 33296
E-Mail: aroquelaw@gmail.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-21205-CIV-ALTONAGA/Goodman**

CESARINA MORA,

      Plaintiff,

v.

AIC BUREAU OF INVESTIGATIONS
& PROTECTIVE SERVICES, INC.;
And MARIA ALONSO, Individually;
And JUAN F. ALONSO, Individually,

      Defendants.

_____/

**SUMMONS IN A CIVIL CASE**

TO:                **Juan F. Alonso, Individually**
                6332 S.W. 22nd Street Miami, FL 33155
                Or P.O. Box 7935 Miami, FL 33255
                Or 970 S.W. 1st Street, Suite 302 Miami, FL 33130

      **YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S**
**ATTORNEY**
**Anthony M. Georges-Pierre, Esq.**
**REMER & GEORGES-PIERRE, PLLC**
**COURTHOUSE TOWER**
**44 West Flagler Street, Suite 2200**
**Miami, FL 33130**

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                 DATE

_____
(BY) DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-21205-CIV-ALTONAGA/Goodman**

CESARINA MORA,

      Plaintiff,

v.

AIC BUREAU OF INVESTIGATIONS
& PROTECTIVE SERVICES, INC.;
And MARIA ALONSO, Individually;
And JUAN F. ALONSO, Individually,

      Defendants.

_____/

**SUMMONS IN A CIVIL CASE**

TO:            **Maria Alonso, Individually**
                6332 S.W. 22nd Street Miami, FL 33155
                Or P.O. Box 7935 Miami, FL 33255
                Or 970 S.W. 1st Street, Suite 302 Miami, FL 33130

      **YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S**
                                  **ATTORNEY**
                **Anthony M. Georges-Pierre, Esq.**
                **REMER & GEORGES-PIERRE, PLLC**
                **COURTHOUSE TOWER**
                **44 West Flagler Street, Suite 2200**
                **Miami, FL 33130**

an answer to the complaint which is herewith served upon you, within **21 days** after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____        _____

CLERK                                           DATE

_____

(BY) DEPUTY CLERK