UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-21205-CIV-ALTONAGA/Goodman

**CESARINA MORA,**

    **Plaintiff,**

v.

**AIC BUREAU OF INVESTIGATIONS &
PROTECTIVE SERVICES, INC.,
and MARIA ALONSO, Individually;
and JUAN F. ALONSO, Individually**,

    **Defendant.**

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, Cesarina Mora ("Plaintiff"), and AIC BUREAU OF INVESTIGATIONS & PROTECTIVE SERVICES, INC., and Maria Alonso, Individually and Juan F. Alonso, Individually ("Defendant") (all parties collectively referred to as the "Parties"), jointly request this Court to approve the Parties' settlement of the claims brought by Plaintiff in the above-captioned matter. Because Plaintiff's claims in this action arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement must be approved by this Court.[1]

    **I.**    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v.*

---

[1] As the Parties reached their agreement during a confidential settlement conference with the Court, the Court is aware of the general terms of the settlement agreement (the "Settlement Agreement").

*United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

### II. Settlement of FLSA Claims

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against the Defendant. The proposed settlement arises out of an action brought by the Plaintiff against his former employer, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff was represented by experienced counsel.

The Parties agree the instant action involves disputed issues. Specifically, there are issues as to whether Plaintiff was exempt from the overtime compensation requirements of the FLSA, and, if not, how many uncompensated (if any) overtime hours Plaintiff worked. Defendant disputes Plaintiff's claims and asserts that Plaintiff was properly paid. Defendants' position is, therefore, that Plaintiff was paid properly for

all hours worked. Defendant also asserts, *inter alia,* that even if Plaintiff were to prove a violation of the FLSA, she did not work the number of overtime hours she has claimed in this action and would not be entitled to recover liquidated damages.

Plaintiff filed the instant action on March 19, 2020. Defendant after its motion for enlargement of time to respond to the complaint, ultimately filed a motion to dismiss. Plaintiff filed its respons in opposition to the motion to dismiss. The parties attended hearing on the motion to dismiss and each party argued its position. Thereafter, Plaintiff filed its First Amended Complaint. The Court ordered a settlement conference. The case was resolved by the Parties negotiating a settlement at a confidential settlement conference, including the settlement of the Plaintiff's FLSA claims.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Significantly, settlement of the claims was achieved in a court-ordered settlement conference conducted by a Magistrate Judge of this Court familiar with FLSA claims generally as well as the specific legal and factual claims in this case. The Parties voluntarily agreed to the terms of their settlement during negotiations. The Parties were advised and represented by counsel throughout the litigation and settlement process.

The Parties request that the Court approve the Settlement Agreement, retain jurisdiction for thirty days to enforce the terms of the Settlement Agreement, and dismiss this Action with prejudice. A copy of a proposed Order of Approval and Dismissal with Prejudice is attached to this Motion as Exhibit A.

## II.     Conclusion

The Parties jointly and respectfully request this Court to approve the Settlement Agreement of the Parties and dismiss the instant action between the Parties with prejudice.

Respectfully submitted this 20th day of August, 2020.

| | |
|---|---|
| REMER & GEORGES-PIERRE, PLLC<br>*Counsel for Plaintiff*<br>COURTHOUSE TOWER<br>44 West Flagler Street, Suite 2200<br>Miami, Florida 33130<br>Telephone:  305-416-5000<br>Facsimile:   305-416-5005<br>E-mail: agp@rgpattorneys.com<br><br><br>By: *Anthony Georges-Pierre*<br>     Anthony Georges-Pierre, Esq.<br>     Florida Bar No. 0533637<br>     Max L. Horowitz, Esq.<br>     Florida Bar No. 118269 | Law Office of Allyn Roque, P.A.<br>Attorney for Defendant<br>P.O. Box 961088<br>Miami, Florida 33296<br>aroquelaw@gmail.com<br>Phone: (786) 529-2801<br><br><br>By: /s/ Allyn Roque<br>Allyn Roque, Esq.<br>Florida Bar No. 84620 |